# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

KATHEY VAUGHN,

     **Plaintiff,**

**v.**                                           **No. 2:20-cv-02465-cgc**

**W. DAVID STINSON, III,**

     **Defendant.**

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant W. David Stinson, III's ("Stinson") Motion for Summary Judgment. (Docket Entry "D.E." #26). The parties have consented to the jurisdiction of the United States Magistrate Judge. (D.E. #21). For the reasons set forth herein, Defendant's Motion for Summary Judgment is DENIED.

### I.     Jurisdiction and Choice of Law

The Court has diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff is a citizen of Middleburg, Clay County, Florida. (D.E. # 1, ¶ 5; D.E. # 1-3, ¶ 1) Defendant is a citizen of Tennessee. (D.E. # 1, ¶ 5; D.E. # 1-3, ¶ 2) The parties are completely diverse.

The amount-in-controversy requirement is satisfied. Plaintiff seeks Five Million Dollars ($5,000,000.00) in damages. (D.E. # 1, ¶ 6; D.E. # 1-3, PageID 15)

State substantive law applies to state law claims in federal court. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-80 (1938). When there is no dispute that a certain state's substantive law applies, the court need not conduct a choice-of-law analysis sua sponte. See GBJ Corp. v. E. Ohio Paving Co., 139 F.3d 1080, 1085 (6th Cir. 1998).

## II.    Procedural History

This is a slip-and-fall case that raises a claim of negligence on the basis of premises liability.  On January 29, 2020, Plaintiff filed a Complaint for Damages in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, which she amended on June 5, 2020. (D.E. #1-2, #1-3).  On June 29, 2020, Stinson removed the case to this Court.  (D.E. #1).

Plaintiff alleges that Stinson[1] was negligent for the following reasons: (1) he knew or should have known of the dangerous condition created by the snow and ice-covered parking lot; (2) he failed to properly clear the parking lot of snow and ice after becoming aware of the dangerous condition; (3) he failed to monitor the property of unsafe conditions; and, (4) he failed to maintain a safe environment for the business complex's employees, patients, guests, and invitees.  (Am. Compl. ¶¶ 16-21).

On November 30, 2020, Defendant filed the instant Motion for Summary Judgment along with its Statement of Undisputed Material Facts ("SUMF") and its exhibits thereto. (D.E. #25, #26, #27).  Defendant argues that Plaintiff was at least 50% liable for her fall because she walked through the ice and snow on the parking lot three times before she finally fell on the fourth time. Thus, Defendant argues that the Court should grant its motion even if he were found to have notice of the conditions because the undisputed facts demonstrate that reasonable minds could only conclude that the Plaintiff's fault was equal to or greater than the alleged fault of Defendant.

---

[1] To provide context for the instant motion, Plaintiff alleges that Stinson owns and operates the business complex located in Cordova, Tennessee where her employer, Issacman Family Dentistry, is a tenant (Compl. ¶¶ 2, 7, 8, 9); however, the allegations contained in the pleading are not evidence for purposes of the instant motion.

On February 16, 2021, Plaintiff filed her Response (D.E. #32), which contained her response to Defendant's SUMF as well as her own Statement of Additional Statement of Undisputed Material Fact and her exhibits thereto. Plaintiff argues that a genuine issue of material fact exists as to which party bears the greatest degree of fault and that a jury should determine that question.

### III.    Findings of Fact [2] [3]

There are no disputed facts before the Court. (*See*, *infra*, n.3 & n.4). Plaintiff had worked at Dr. Issacman's office "at least one day prior" to the day that she fell.[4] (Def.'s Mot. for Summ.

---

[2]  Defendant's SUMF does not comply with Local Rule 56.1 in several ways. First, Defendant cites the Amended Complaint as evidence to support several facts; however, citations to pleadings are not evidence that may be considered for purposes of summary judgment. (*See* Def.'s SUMF ¶¶ 1, 3).

  Next, it is not clear from Defendant's SUMF and the citations provided therewith which events happened on which dates. (*Compare* Def.'s SUMF ¶ 2 *with* Pl.'s Dep. at 46:20-22, Def.'s SUMF ¶ 5 *with* Pl.'s Dep. at 52:20-22, Def.'s SUMF ¶ 6 *with* Pl.'s Dep. at 46:15-16, Def.'s SUMF 10 *with* Pl.'s Dep. at 55:17-21, Def.'s SUMF 11 *with* Pl.'s Dep. at 55:11-13 (unclear from the cited evidence whether Plaintiff is discussing the parking lot conditions on the previous day or the day of her fall); *compare* Def.'s SUMF ¶ 4 *with* Pl.'s Dep. at 16-25 (unclear from the cited evidence whether Plaintiff is discussing where she walked on the previous day or the day of her fall). Although the Court is under no obligation to do so, it reviewed the portions of her deposition that provided context for these facts such that the Court could correctly state and consider the evidence in the record to determine if summary judgment is appropriate. (*See* Pl.'s Dep. at 37-59).

[3]  Plaintiff filed an Additional Statement of Undisputed Material Facts with her Response, as permitted by Local Rule 56.1(b). Defendant did not respond to these facts within fourteen days as required by Local Rule 56.1(c). Accordingly, Plaintiff's additional evidence is deemed undisputed pursuant to Local Rule 56.1(d).

[4]  Defendant's Statement of Undisputed Material Fact asserts that Plaintiff had been to the office "a few days before the day she fell"; however, the portion of the deposition that he cites, and that Plaintiff cites in her dispute of this fact, states that she had been there "at least one day prior." (Pl.'s Dep. at 38:6-9, 38:15-20). Accordingly, the sole fact that was presented by Defendant and was alleged to have been disputed by Plaintiff must be deemed as undisputed due to what is uncontroverted in the evidence.

J., Exh. A ("Pl.'s Dep.") at 38:6-9, 38:15-20). To the best of her recollection, the conditions in the parking lot were "snowy and ice" and her son parked closer to the back door "because it was icy." (Id. at 38:19-23, 47:17-48:17). She did not see anyone working on the parking lot to remove snow or ice and was not told or otherwise warned about the conditions. (Id. at 45:15-25).

On the morning of Plaintiff's fall, there was snow and ice on the parking lot. (Id. at 46:12-22). She walked through the parking lot and entered the back door of the building. (Id. at 46:23-47:25). There were patches of ice throughout the parking lot that day. (Pl.'s Resp., Exh. C ("W. Vaughn Dep.") at 1). There was no clear path from the door to her son's car without walking through ice. (Id.)

When she was leaving the office for lunch, Plaintiff walked "real slow" through the parking lot and observed tread marks from where cars had been parked. (Pl.'s Dep. at 51:1-4, 16-25). She thought they made a path to use because there was no snow on them but did not realize that these spots were still ice and were slick. (Id. at 52:20-52:24).[5] She did not ask her son to move his car closer or to help her walk through the parking lot. (Id. at 55:17-21). Plaintiff was not aware of anyone else from any of the offices falling on the parking lot before she did. (Id. at 56:7-11).

Marjean Pountain ("Pountain"), the managing partner of Pountain Partners, LLC, has spent the last thirty years working as a real estate property management consultant. (Pl.'s Resp., Exh. B ("Pountain Aff.") ¶ 1). Pountain advises facility managers and contractors on premises liability exposure reduction, including "weather and snow response planning." (Id. ¶ 2). In her opinion, Stinson or his agents were negligent because "they knew of the dangerous condition of the snow and ice-covered parking lot and failed to adequately clear the parking lot of snow and ice on the date of the incident . . . ." (Id. ¶ 3). She opines that Stinson and his agents "failed to maintain a

---

[5] Plaintiff also repeatedly testified at her deposition that she fell on "black ice." (Tr. at 52:1-13).

safe environment for its employees, patients, tenants, and guests when he knew or in the exercise of reasonable care should have known, of the likelihood that the snow and ice-covered parking lot would create a dangerous condition for invitees." (Id. ¶ 6). She further opines that Stinson was negligent in allowing the snow and ice to accumulate and remain in the parking lot, thereby creating a dangerous condition. (Id. ¶ 7). Finally, she states that Stinson failed to provide any warnings or caution signs for patients, employees, and tenants on the date of the incident. (Id. ¶ 8).

## IV.    Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment, Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Thaddeus-X v. Blatter, 175 F.3d 378, 400 (6th Cir. 1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 474 U.S. 574, 587 (1986); Wade v. Knoxville Utilities Bd., 259 F.3d 452, 460 (6th Cir. 2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support

the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2727 (2d ed. 1998).

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if evidence would permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 474 U.S. 574, 586 (1986).

## V.     Analysis

The sole issue presented in the instant case is whether summary judgment is appropriate on Plaintiff's claims of negligence. Under Tennessee law, a plaintiff must demonstrate (1) that the defendant owed a duty to the plaintiff, (2) that the defendant's conduct breached this duty, (3) that the defendant's conduct was a cause-in-fact of the plaintiff's injury or damage, and (4) that no existing rule of law relieves the defendant from common-law liability for its negligence. Burton v. Warren Farmers Co-op, 129 S.W.3d 513, 523 (Tenn. Ct. App. 2002) (citations omitted). Tennessee's system of modified comparative fault provides that liability may be allocated in proportion to the degree of fault so long as the fault attributable to the plaintiff is less than that attributable to the defendant. McIntyre v. Balentine, 833 S.W.2d 52, 57 (Tenn. 1992).

The presence of comparative fault is a question of fact within the province of the jury, and it should not be lightly invaded by the trial court. Elrod v. Continental Apartments, No. M2007-01117-COA-R3-CV, 2008 WL 425947, at *2 (Tenn. Ct. App. 2008) (citing LaRue v. 1817 Lake, Inc., 966 S.W.2d 423, 427 (Tenn. Ct. App. 1997)). "Summary judgment is generally not an appropriate judicial mechanism by which to determine comparative fault." Elrod, 2008 WL 425947, at *2. However, if the court "determines that all reasonable jurors would find the plaintiff's fault was fifty percent or more, it must grant summary judgment." Carr v. Ozburn-Hessey Storage Co., No. 01-A-01-9511-CV-00527, 1997 WL 383295, at *3 (Tenn. Ct. App. 1996). Otherwise stated, summary judgment is appropriate when "the evidence is evaluated in the light most favorable to the plaintiff and reasonable minds could not differ that her fault was equal to or great[er] than that of the defendants." Elrod, 2008 WL 425947, at *2 (quoting Staples v. CBL & Associates, Inc., 15 S.W.3d 83, 91-92 (Tenn. 2000)).

With respect to the respective duties in the instant case, business operators are "not insurers of the safety of the common elements under their control; however, they do have a duty to exercise ordinary care with regard to the condition of the common areas and common passageways under their control." Elrod, 2008 WL 425947, at *2 (citing Tedder v. Raskin, 728 S.W.2d 343, 348 (Tenn. Ct. App. 1987)). Conversely, an individual patronizing the establishment has "a duty to exercise reasonable care for her own safety." Elrod, 2008 WL 425947, at *2 (citing McClung v. Delta Square Ltd. Partnership, 937 S.W.2d 891, 904 (Tenn. 1996)). While a business invitee must exercise reasonable care, knowledge of a dangerous condition, such as the presence of snow or ice, "does not necessarily bar recovery as a matter of law." Mumford v. Thomas, 603 S.W.2d 154 (Tenn. Ct. App. 1980). Additionally, a voluntary decision to confront icy conditions does not automatically render an individual careless. Gibbs v. Robin Media Group, Inc., No. M1999-

00820-COA-R3-CV, 2000 WL 1207201, at *4 (Tenn. Ct. App. 2000). "The question of whether the plaintiff undertook a greater risk than an ordinarily prudent person would take under the circumstances is usually for the jury." Hellon v. Trotwood Apartments, Inc., 460 S.W.2d 372, 375 (Tenn. Ct. App. 1970).

Defendant cites several cases involving falls on ice or other hazards where the plaintiff failed on their negligence claims. However, none are analogous to the facts here. In Kevin Easley v. Larry C. Baker, No. M2003-02752-COA-R3-CV, 2005 WL 697525 (Tenn. Ct. App. Mar. 24, 2005), the plaintiff slipped in a five-foot wide, one-half inch deep puddle of water in the restroom at a bar. Id. at *1-*7. The establishment had placed two "wet floor" signs—one in the puddle, and one at the entrance of the restroom. Ibid. Plaintiff did not look at either the signs or the puddle, although he admits they were visible to him if he had looked. Ibid. Plaintiff took a couple of steps into the water before he slipped and injured his back. Ibid. The Tennessee Court of Appeals found that summary judgment was appropriate because reasonable minds could not differ as to whether the plaintiff was at least 50% at fault. Id. at *8.

In Elrod, the plaintiff needed to reach an apartment complex to pay a security deposit. 2008 WL 425947, at *1. She delayed her trip by one day due to a winter storm that "blanketed" the region with snow and ice. Id. When she decided to make the trek the following day, she drove "very slowly" as sleet and ice was falling and as the roads were covered with ice and snow. Id. Her car even slipped as she attempted to park in front of the deposit box. Id. When she exited her car, she "'tiptoe[d]' carefully" and walked to the box. Id. However, when taking the same route back to her care, she elected to walk in a "'trot-like'" manner and fell to the ground, fracturing her ankle. Id. Thus, the Tennessee Court of Appeals concluded that it was indisputable that the plaintiff "failed to exercise reasonable care in the face of a known hazard" by "abandon[ing]

caution" and trotting over snow and ice. *Id*. at *3. Therefore, the court determined that summary judgment was appropriate because reasonable minds could not differ that her fault was greater than any of the defendants. *Id*.

In Timothy Sanders v. CB Richard Ellis, Inc., No. W2007-02805-COA-R3-CV, 2008 WL 4366124 (Tenn. Ct. App. Sept. 22, 2008). the plaintiff went to the bank in sub-freezing temperatures after a winter snowstorm. Id. at *1. He observed that the parking lot was "real icy" and did not appear to have been salted. Id. He elected not to use the "open and accessible" drive-thru window, parked his car on an ice-covered slope, and attempted to traverse it to enter the bank, which resulted in him falling and injuring his shoulder. Id. The court determined that summary judgment was appropriate because reasonable minds could not differ that the plaintiff's own actions were at least 50% responsible for his fall. Id. at *1, *5.

In Richard Carlton Risher v. United States, No. 08-2249, 2011 WL 61675 (W.D. Tenn. Jan. 7, 2011), the Court held a bench trial and determined that the defendant prevailed. In the Memorandum Opinion and Order, the Court explained that the plaintiff was aware of a hole at a construction site, which was initially barricaded and covered with plywood boards. *Id*. at *2. He chose to pause for ten to fifteen seconds and then step into the portion of the hole that was ten to twelve inches deep and contained pieces of concrete and rock. *Id*. He did so despite having taken a safer path around the corner of the hole as he had taken several times himself and as other inmates and staff had done. *Id.* He also did not ask for help from the corrections officers standing nearby. *Id*. The Court determined that plaintiff disregarded both the open and obvious hazard and a safe alternative. *Id*. at *6. The Court further concluded that the defendant did not have a duty to the plaintiff because it could not have foreseen that he would have attempted to cross the hole where and how he did rather than take the safe path and/or request assistance. *Id* at *7.

The facts in the instant case are distinguishable from the markedly less cautious actions described above. Plaintiff did not trot across a parking lot she knew to be covered in snow and ice as in Elrod (after feeling it necessary to tiptoe only moments prior). She also did not decline a safe drive-thru option for handling business and park on a slope in the ice to go inside the establishment as in Sanders. She did not purposely step into a deep hole despite an obvious alternate path as in Risher, and she did not step several steps into a large puddle of water that the business had marked with two warnings signs as in Easley.

Instead, Plaintiff attempted to slowly negotiate the parking lot at her place of employment in a careful manner. She determined that the safest option was to walk in tire tracks that she thought would not be slick. Unfortunately, Plaintiff believes there was a layer of black ice beneath the slush. This is akin to the plaintiff's choice in navigating an icy parking lot in Jamie C. Mickalowski v. Office Depot, Inc., No. 2:10-cv-02926, 2012 WL 3548893 (W.D. Tenn. July 27, 2012) There is no evidence that Defendant took any steps to remedy the hazardous conditions such that the employees, patrons, and other invitees at the business complex could utilize essential passageways to and from the places of business safely. Thus, while Plaintiff was required to take reasonable caution in her efforts to navigate the parking lot, Defendant nonetheless had duty to exercise ordinary care to prevent reasonably foreseeable injuries. Therefore, in this case, the degree of fault between the parties is not one over which no reasonable jurors could disagree. Accordingly, the court will not invade the province of the trier of fact and determine the question of comparative fault by summary judgment.

**VI.     Conclusion**

For the reasons set forth herein, Stinson's Motion for Summary Judgment is DENIED.


**IT IS SO ORDERED** this 2nd day of July, 2021.

s/Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
